```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MANUEL A. PONCE,

    Plaintiff,

v.    Case No: 2:17-cv-137-FtM-99CM

CITY OF NAPLES,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on defendant's Second Motion to Dismiss (Doc. #25) filed on July 21, 2017. Plaintiff filed a Response (Doc. #26) on July 28, 2017. For the reasons set forth below, the motion is granted.

**I.**

On June 22, 2017, this Court granted defendant's First Motion to Dismiss certain counts for failure to state a claim with leave to amend. (Doc. #21.) On June 26, 2017, plaintiff filed an Amended Complaint (Doc. #22). Defendant again moves to dismiss certain counts for failure to state a claim, arguing that the Amended Complaint does not remedy the defects identified by this Court in its dismissal order.

The factual allegations as set forth in the Amended Complaint are nearly identical to the initial Complaint and are set forth in detail in this Court previous Opinion and Order (Doc. #21).

Therefore, for the most part the Court will not repeat the allegations here.

This is a disability, age, race, and national origin discrimination case brought by plaintiff Manuel A. Ponce, a fifty-three year old Hispanic male of Cuban descent, against his former employer of twenty-seven years, the City of Naples (defendant or City). Plaintiff has filed a twelve-count Amended Complaint (Doc. #2), alleging violations under the Florida Civil Rights Act (FCRA) (Counts I-V), Family Medical Leave Act (FMLA) (Counts VI-VII), Americans with Disabilities Act (ADA) (Counts VIII-X), Title VII (Count XI), and the Age Discrimination in Employment Act (ADEA) (Count XII). Defendant moves to dismiss Counts I, IV, VIII, and XI.[1]

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual

---

[1] Plaintiff agrees to withdraw his claim for FMLA interference (Count VI) in light of Jones v. Gulf Coast Health Care of Delaware, LLC, 854 F.3d 1261 (11th Cir. 2017). (Doc. #26, p. 2.)

allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

**A. ADA Failure to Accommodate Claim (Count 8)**

The Court previously found that plaintiff did not plausibly allege that he made a reasonable accommodation request that was refused by the City, and the Court was not otherwise convinced that a light-work duty restriction automatically satisfies as an accommodation request without specifically pleading as much in the Complaint. (Doc. #21, p. 13.) Defendant argues that, like the initial Complaint, plaintiff again does not allege facts from which it can be inferred that he requested a disability accommodation from the City at any time. Plaintiff responds that in compliance with this Court's Opinion and Order, he alleges in the Amended Complaint that "[t]he requests by Plaintiff's medical providers that he be assigned to light duty constitute requests for a reasonable accommodation within the meaning of the ADA." (Doc. #22, ¶ 104.)

Under Title I of the ADA, "[a]n employer "discriminate[s] against a qualified individual on the basis of disability" by, inter alia, "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an ... employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). Thus:

> To state a prima facie claim for failure to accommodate under the ADA, a plaintiff must show that: (1) he is disabled; (2) he is a qualified individual, meaning able to perform the essential functions of the job; and (3) he was discriminated against because of his disability by way of the defendant's failure to provide a reasonable accommodation.

Russell v. City of Tampa, 652 F. App'x 765, 767 (11th Cir. 2016) (per curiam) (citing Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001)). Plaintiff challenges the third element.

In order to satisfy the pleading burden with respect to the third element of a failure to accommodate, the Amended Complaint must allege facts from which the Court may infer that a reasonable accommodation existed and was denied to the plaintiff, and that providing that accommodation would not have imposed an undue hardship on the employer. See 42 U.S.C. § 12112(b)(5)(A). An accommodation is only reasonable if it allows the disabled employee to perform the essential functions of the job in question. Lucas, 257 F.3d at 1255. What constitutes a reasonable accommodation depends on the circumstances, but it may include "job restructuring, part-time or modified work schedules, [and] reassignment to a vacant position" among other things. 42 U.S.C. § 12111(9)(B). "Moreover, an employer's duty to provide reasonable accommodation is not triggered unless a specific demand for an accommodation has been made. Frazier-White v. Gee, 818 F.3d 1249, 1256 (11th Cir. 2016) (quoting Gaston v. Bellingrath Gardens & Home, Inc., 167 F.3d 1361, 1363-64 (11th Cir. 1999))

("[T]he initial burden of requesting an accommodation is on the employee. Only after the employee has satisfied this burden and the employer fails to provide that accommodation can the employee prevail on a claim that her employer has discriminated against her."). The regulations governing the ADA explain that an employer may need "to initiate an informal, interactive process with the individual with a disability in need of an accommodation" to identify the person's limitations and potential reasonable accommodations that could overcome those limitations. 29 C.F.R. § 1630.2(o)(ii)(3); see also Spears v. Creel, 607 F. App'x 943 (11th Cir. 2015) (finding that an employer has no duty to engage in an "interactive process" or to show undue hardship if the employee fails to identify a reasonable accommodation).

Here, plaintiff's Amended Complaint alleges in the "General Allegations" section[2] that following a shoulder injury, worker's comp medical providers requested that if defendant was going to continue assigning plaintiff to perform residential garbage collection, then defendant should assign plaintiff to light duty. (Doc. #22, ¶ 16.) Instead of returning plaintiff back to his position operating a dumpster carrier vehicle, defendant "elected to place Plaintiff on light duty." (Id. at ¶ 17.) Plaintiff goes on to state that "[f]rom approximately May 2015 to August 2015

---

[2] The paragraphs of the "General Allegations" section are incorporated into each Count.

Defendant assigned Plaintiff to light duty" picking weeds and other landscaping, during which he suffered a heat stroke. (Id. at ¶¶ 18-19.) Thus, plaintiff does not dispute that he was placed on "light duty" by the City – the accommodation he requested - but seemingly pleads that the light duty assigned was not a reasonable accommodation because it was work that he was physically unequipped to do given his disabilities. Yet this does not mean that the City denied plaintiff an accommodation that he requested. Plaintiff does not allege that after he was placed on light duty that he requested a different and less stressful job assignment that was denied by the City. Therefore, plaintiff has not satisfied his initial burden of showing that he requested an accommodation that was refused by the City. Accordingly, dismissal is appropriate.

**B. Title VII, Race/National Origin Discrimination (Count 11)**

The Court previously found no plausible allegation that plaintiff was qualified to do his job, nor that the City treated him less favorably than similarly situated employees outside of the protected class. (Doc. #21, pp. 15-16.) In compliance with the Court's Opinion and Order, plaintiff states that he alleges in the Amended Complaint that he "was qualified to do his job and other jobs in the Solid Waste Division" and that "Defendant treated Plaintiff less favorable than similarly situated employees outside the protected class." (Doc. #22, ¶¶ 135, 137.) Plaintiff further

cites the fact that because he was employed by the City for twenty-seven years, as alleged in the Amended Complaint, he was undoubtedly a qualified individual. The City argues that the Amended Complaint still fails to plead ultimate facts that he was qualified to do his job, or that he was treated less favorably, and merely recites legal conclusions instead.

Assuming plaintiff's proof of discrimination will be circumstantial, to establish a prima facie case under Title VII, plaintiff must show: (1) that he belongs to a protected class; (2) that she suffered an adverse employment action; (3) that he was qualified to do his job; and (4) that he was treated less favorably than similarly situated employees outside of the protected class. Lathem v. Dep't of Children & Youth Serv., 172 F.3d 786, 792 (11th Cir. 1999). As the Eleventh Circuit has emphasized, "[d]emonstrating a prima facie case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination." Holified v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). "Although a plaintiff need not satisfy the McDonnell Douglas[3] framework at the pleading stage in order to

---

[3] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this framework, the plaintiff must first establish a prima facie case, which creates a presumption of unlawful discrimination against the employee. The employer may then rebut that presumption with legitimate, non-discriminatory reasons for the adverse employment actions. The employee must then proffer sufficient evidence to create a genuine issue of material fact that the defendant's articulated reasons are pretextual.

state a claim for disparate treatment, the ordinary rules for assessing the sufficiency of a complaint [still] apply." Uppal v. Hosp. Corp. of Am., 482 F. App'x 394, 396 (11th Cir. 2012) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002); see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) ("Although a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case, it must provide enough factual matter (taken as true) to suggest intentional race discrimination.") Accord Twombly, 550 U.S. at 546 (2007) (finding that the new plausibility standard does not run counter to Swierkiewicz).

In Upall, the Eleventh Circuit found that a formulaic recitation of elements of a prima facie Title VII case is not sufficient as the plaintiff "never once supplements these allegations of disparate treatment with any factual detail, such as even a brief description of how the alleged comparator employees were outside of her protected class," or that gender, race, or national origin played any role in the disparate treatment. Upall, 482 F. App'x at 396. In cases similar to this in this District, judges have dismissed discrimination claims when the allegations relating to similarly situated employees are insufficiently pled. For example, in Uppal v. Hospital Corp. of America, 8:09-cv-00634-VMC-TBM, 2011 WL 2691869 (M.D. Fla. July 5, 2011), the District Court noted that the plaintiff's complaint

stated in a conclusory fashion that other similarly situated employees not of plaintiff's gender, race, and/or national origin were not treated in the same way as plaintiff. Id. at *3. The court found that plaintiff did not allege any facts to support these conclusory allegations in violation of Iqbal. The court went on to note that "[d]istrict courts frequently dismiss discrimination claims when the allegations of disparate treatment are nothing more than legal conclusions unsupported by any facts." Uppal, 2011 WL 2691869, at *3 (citing a number of cases for this proposition). Uppal was appealed to the Eleventh Circuit, and affirmed, as noted above. Uppal v. Hosp. Corp. of Am., 482 F. App'x 394, 396 (11th Cir. 2012).

Here, plaintiff merely points to Paragraph 137 of the Amended Complaint, which merely recites the fourth element of a prima facie case. Although plaintiff is not required at the pleading stage to prove a prima facie case and satisfy the McDonnell Douglas framework, he is still required to plead more than a formulaic recitation of the elements pursuant to Twombly and Iqbal; which, as courts have noted, require more than just a recitation of the fourth prong of a Title VII prima facie case. Plaintiff here has simply stated that there were other employees that were similarly situated outside his protected class, who received more favorable treatment. (Doc. #22, ¶ 137.) Such a recitation, without any allegations of specific facts to explain how the disparate

treatment occurred to even give rise to an inference of discrimination, is insufficient. Thus, defendant's Motion to Dismiss in this regard will be granted.

### C. FCRA Claims for Failure to Accommodate and Race/National Origin Discrimination (Counts I, IV)

Federal law interpreting Title VII and ADA discrimination suits is controlling authority when analyzing FCRA claims. <u>Harper v. Blockbuster Entm't Corp.</u>, 139 F.3d 1385, 1387 (11th Cir. 1998) (finding that the complaint fails for the same reasons under Title VII and the FCRA); <u>Holly v. Clarison Indus., LLC</u>, 492 F.3d 1247, 1255 (11th Cir. 2007) (considering ADA and FCRA claims together because they are analyzed using the same framework). Thus, for the same reasons stated above, plaintiff's FCRA claims for failure to accommodate and race/national origin discrimination fail.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Second Motion to Dismiss (Doc. #25) is **GRANTED**. Counts I, IV, VIII, and XI are **dismissed with prejudice**.

2. Count VI is **deemed withdrawn**.

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of October, 2017.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record